UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES                                                                                    Plaintiff

v.                                                                          Criminal Action No. 3:22-cr-57-RGJ

TAH-RIELL MACKLIN                                                                              Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Tah-Riell Macklin ("Macklin") *pro se* moves for "Modification or Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) (Guideline Amendment No. 821)." [DE 264]. For the reasons below, Macklin's motion [DE 264] is **DENIED**.

    I.      **BACKGROUND**

Macklin was charged in a Superseding Indictment with Count 1, conspiracy to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(A) and (b)(1)(C), and Count 5, distribution of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2. [DE 197 at 891]. Count 1 carried a mandatory minimum term of imprisonment of 10 years, a potential maximum fine of $10,000,000, and a term of supervised release of no less than 5 years. Count 5 carried a mandatory minimum term of imprisonment of 10 years, a potential maximum fine of $10,000,000, and a term of supervised release of no less than 5 years. On September 12, 2023, Macklin pleaded guilty to Counts 1 and 5 of the Superseding Indictment pursuant to a Rule 11(c)(1)(B) plea agreement. [DE 197 at 890]. The plea agreement noted that the United States would "recommend a sentence of imprisonment at the lowest end of the

1

applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law." [DE 174 at 744, ¶4(a)].

The United States Probation Office prepared a Presentence Investigation Report ("PSR") which was initially disclosed to the parties on October 30, 2023. [DE 153]. The final disclosure of the PSR with Addendum was disclosed on November 20, 2023. [DE 174]. On December 5, 2023, the Court sentenced Macklin to 120 months as to Counts 1 and 5 of the Superseding Indictment to be served concurrently for a total term of 120 months imprisonment. [DE 197 at 892].

Macklin, *pro se* and using a form motion, now moves for a sentence reduction under Amendment 821. [DE 264].

## II.     ANALYSIS

### A. Request for Sentence Reduction Under Amendment 821.

On April 27, 2023, the United States Sentencing Commission ("USSC") submitted to Congress Amendment 821, which became effective November 1, 2023. Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. "Status points" are those points that were applied under then United States Sentencing Guideline ("U.S.S.G.") § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors.

Deciding a motion for retroactive application of Amendment 821 under 18 U.S.C. § 3582(c)(2) requires two steps. First, the Court determines whether the defendant is eligible for relief under the amendment, and then it must consider whether reducing the sentence is supported by the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing § 3582(c)(2)). Even if a reduction is authorized under § 1B1.10 of the Guidelines, the Court must determine whether consideration of the 18 U.S.C. § 3553(a) factors indicate a reduction is warranted. *Id.* at 826. "[D]istrict courts are empowered to provide process and to consider resentencing factors as they see fit." *United States v. Boulding*, 960 F.3d 774, 783 (6th Cir. 2020). Macklin's motion does not pass the first step of this inquiry.

Macklin asserts in his motion that his PRS "included 'Status Points' in the calculation of [his] criminal history score under then – U.S.S.G. § 4A1.1(d)" and that he was "scored [] as having zero criminal history points." [DE 264 at 1288]. He then requests a sentence reduction based on Amendment 821. [*Id.*].

Macklin's criminal history score was zero at the time of sentencing. [DE 174 at 748, ¶ 30 ("The total criminal history score is zero. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of zero establishes a criminal history category of I.")]. As a result, there were no "status points" applied under § 4A1.1(d). [*Id.*]. As such, Part A of Amendment 821 is inapplicable.

While Macklin was a "zero-point offender," the final disclosure of the PSR was made *after* Amendment 821 went into effect. [*Id.*]. As a result, Macklin did receive the Chapter Four Adjustment under Amendment 821 reducing his offence level by 2. [*Id.* at 747, ¶ 23 ("Chapter Four Adjustment: The defendant meets the criteria at USSG §§4C1.1(a)(1)-(10). Therefore, the defendant is a Zero-Point Offender, and the offense level is reduced by two levels. USSG

§§4C1.1(a) and (b).")]. As a result, Part B of Amendment 821 was properly applied at the time of sentencing; however, because there was a statutory mandatory minimum sentence of 120 months on each of Counts 1 and 5, it did not ultimately impact Macklin's sentence. [*Id.* at 748, ¶¶54-55 ("Based upon a total offense level of 29 and a criminal history category of I, the guideline imprisonment range is 87 months to 108 months. However, the statutorily authorized minimum sentences are greater than the minimum of the applicable guideline range; therefore, the guideline range is 120 months. USSG §5G1.2(b).")]. Moreover, the Addendum reflects that the PSR and its calculation was updated using the 2023 Amendments and states:

> The guidelines were updated using the 2023 amendments. The defendant now qualifies for the zero-point offender adjustment. However, the statutorily authorized minimum sentences are greater than the minimum of the applicable guideline range; therefore, the guideline range will remain 120 months.

[*Id.* at 755]. As a result, Macklin's sentence properly reflected Amendment 821 and no recalculation is necessary.

### III.   CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Defendant Macklin's Motion [DE 264] is **DENIED**.

August 14, 2024

Rebecca Grady Jennings, District Judge
United States District Court

Cc: Defendant, pro se